UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODDY HORSLEY,

          Plaintiff,

     v.

WASHINGTON STATE, *et al*,

          Defendants.

Case No.  C08-5434RBL-KLS

ORDER DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT
OF COUNSEL

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a request for an appointment of counsel. (Dkt. #1-3). Plaintiff has been granted *in forma pauperis* status in this case. <u>See</u> Order Granting Application to Proceed *In Forma Pauperis*, dated the same date herewith.  After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

     There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances.  <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the

likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. <u>Wilborn</u>, 789 F.2d at 1331.

Although plaintiff did not properly file his request for appointment of counsel as a motion, the Court shall treat it as such. In that motion, he requests that the Court either appointment him counsel or direct him to such. Plaintiff, however, has not shown a likelihood of success on the merits – indeed, the Court has found his complaint to be deficient in a separate order dated the same date herewith – or that the legal issues involved in this case are necessarily complex. Nor does plaintiff appear to have any difficulty in articulating his claims *pro se*, even though as just indicated his complaint remains deficient at this time, and despite his claim that he has both short- and long-term memory issues. Indeed, both plaintiff's current motion and his complaint demonstrate no such difficulty. Further, while the Court has no list of attorneys willing to represent *pro se* parties *pro bono*, and is not able to direct plaintiff to other counsel that may be willing to do so, he certainly is free to pursue that avenue if he so desires.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. #1-3) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff.

DATED this 24th day of July, 2008.

Karen L. Strombom
United States Magistrate Judge