UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODDY HORSLEY,

        Plaintiff,

v.

WASHINGTON STATE, *et al*,

        Defendants.

Case No. C08-5434RBL-KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section

ORDER
Page - 1

1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, plaintiff names as defendants Washington State, the Washington State Department of Corrections ("DOC") and those responsible for drafting, implementing, and/or complying with transportation standards policy directive number 420.100. In essence, plaintiff alleges he suffered both physical and emotional harm, due to the inability of prison staff to modify that policy directive to allow him to be taken to a hospital more quickly during a medical emergency he was experiencing. He requests relief in the form of an injunction, as well as compensatory and punitive damages. Plaintiff's complaint, however, fails for a number of reasons.

First, as noted above, plaintiff has named Washington State as a defendant in this matter. The Eleventh Amendment, however, reads in relevant part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its own citizens in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Accordingly, plaintiff may not sue Washington State in this Court.

The Washington State Department of Corrections, furthermore, is a state agency, and, as an arm of the state, is immune from suit in federal court under the Eleventh Amendment as well. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of 42 U.S.C. § 1983.[1]

---

[1] Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

1 | Howlett, 496 U.S. at 365. Thus, the DOC is immune from liability here too.

2 |     Finally, plaintiff has failed to allege any individually-named defendants caused or personally
3 | participated in causing the harm alleged. While plaintiff also sets forth as defendants in general those
4 | responsible for drafting, implementing and/or complying with transportation standards policy directive
5 | number 420.100, he does not actually name any individual persons. Given that, as discussed above,
6 | neither Washington State nor the DOC may be sued here by plaintiff, plaintiff's complaint thus contains
7 | no named defendants upon whom liability may be imposed. In other words, plaintiff's lawsuit is without
8 | any opposing party.

9 |     Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file
10 | an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why
11 | this matter should not be dismissed by **no later than August 23, 2008**. The amended complaint must
12 | carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to
13 | adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant
14 | to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

15 |     Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original
16 | pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
17 | Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915
18 | (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original
19 | complaint.

20 |     The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended
21 | complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to
22 | plaintiff.

23 |     DATED this 24th day of July, 2008.

Karen L. Strombom
United States Magistrate Judge

---

and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.