UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODDY HORSLEY,

                              Plaintiff,

        v.

WASHINGTON STATE, *et al*,

                              Defendants.

Case No.  C08-5434RBL-KLS

SECOND ORDER TO SHOW
CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §

636(b)(1),  Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.   The case is

before the Court upon plaintiff's filing of an amended complaint (Dkt. #10) in response to the Court's

order to show cause (Dkt. #7) concerning certain deficiencies in his original complaint (Dkt. #4).  After

reviewing the amended complaint and the balance of the record, the Court finds and orders as follows:

        A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745

F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a

complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before

service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)

(*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

        To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of

was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor,

1  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section

2  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.

3  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

4         Plaintiff also must allege facts showing how individually named defendants caused or personally

5  participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.

6  1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory

7  responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58

8  (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.

9  Palches, 665 F.2d 965, 968 (9th Cir. 1982).

10         As noted in the Court's first order to show cause, in his original complaint, plaintiff named as

11  defendants Washington State, the Washington State Department of Corrections ("DOC") and those

12  responsible for drafting, implementing, and/or complying with transportation standards policy directive

13  number 420.100. In essence, plaintiff alleged he suffered both physical and emotional harm, due to the

14  inability of prison staff to modify that policy directive to allow him to be taken to a hospital more quickly

15  during a medical emergency he was experiencing. He requested relief in the form of an injunction, as

16  well as compensatory and punitive damages.

17         The Court, however, found plaintiff's complaint failed for a number of reasons. First, plaintiff

18  named Washington State as a defendant in this matter, even though the Eleventh Amendment reads in

19  relevant part:

20         The Judicial power of the United States shall not be construed to extend to any suit in
       law or equity, commenced or prosecuted against one of the United States by Citizens of
21         another State, or by Citizens or Subjects of any Foreign State.

22  U.S. Const. Amend XI. Thus, the Court noted that under the Eleventh Amendment a state is not subject

23  to suit by its own citizens in federal court, and, accordingly, plaintiff may not sue Washington State in

24  this Court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

25         The Court further noted that the Washington State Department of Corrections is a state agency,

26  and, as an arm of the state, it is immune from suit in federal court under the Eleventh Amendment, and

27  therefore from liability in this case, as well. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Michigan

28  Dep't of State Police, 491 U.S. 58, 70 (1989). Finally, the Court found plaintiff had failed to allege any

individually-named defendants caused or personally participated in causing the harm alleged, and because

1  neither Washington State nor the DOC may be sued here by plaintiff, plaintiff's complaint thus contained

2  no named defendants upon whom liability may be imposed. In other words, this lawsuit was without any

3  opposing party.

4      The amended complaint plaintiff now has filed remains fatally deficient. First, both Washington

5  State and the Department of Corrections are still named as parties to this case. Plaintiff claims that since

6  he is alleging claims under both the Eighth and Fourteenth Amendments, as well as under the Americans

7  with Disabilities Act, this nullifies the issue of sovereign immunity. Plaintiff is incorrect. It is precisely

8  because of the Eleventh Amendment that plaintiff may not bring suit against either the state or any of its

9  agencies for alleged violations of federal law, such as the Americans with Disabilities Act, or the federal

10  constitution, including those rights granted under the Eighth and Fourteenth Amendments.

11      As such, plaintiff may not sue the State of Washington or the Department of Corrections here, and

12  they hereby are stricken as defendants from this case. Any future attempt by plaintiff to add them again

13  as named defendants shall result in a recommendation of dismissal of this matter for failure to prosecute.

14  In addition, plaintiff's amended complaint is deficient in that he has failed to set forth any facts alleging

15  that the individual defendants he has named therein have caused or personally participated in violating

16  either his federal constitutional rights or any rights he may have under the Americans with Disabilities

17  Act. That plaintiff referenced his original complaint for purposes of his statement of claim and relief

18  sought is not sufficient, as the Court expressly advised him in its prior order to show cause that an

19  amended pleading operates as a *complete* substitute for an original pleading, and therefore that if he chose

20  to file an amended complaint, his original complaint would not be considered.

21      Accordingly, due to the deficiencies described above, the Court once more will not serve the

22  amended complaint. Plaintiff shall file a second amended complaint, curing, if possible, the above noted

23  deficiencies, or show cause explaining why this matter should not be dismissed by **no later than**

24  **December 3, 2008**. The amended complaint must carry the same case number as this one. If a second

25  amended complaint is not timely filed or if plaintiff fails to adequately address the above issues as

26  discussed herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. §

27  1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

28      Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original

pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.

ORDER
Page - 3

1  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915

2  (1992).  Thus, if plaintiff chooses to file a second amended complaint, the Court will not consider either

3  his original complaint or his first amended complaint.

4        The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended

5  complaint.  The Clerk is further directed to send a copy of this Order to plaintiff.

6        DATED this 3rd day of November, 2008.

7

8

9                                        Karen L. Strombom
                                         United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28