UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODDY HORSLEY,

           Plaintiff,

v.

WASHINGTON STATE, *et al*,

           Defendants.

Case No. C08-5434RBL-KLS

ORDER GRANTING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court on plaintiff's filing of a response (Dkt. #12) to the Court's second order to show cause concerning certain remaining deficiencies in his amended complaint (Dkt. #11). After reviewing plaintiff's response and the balance of the record, the Court finds and orders as follows:

On October 9, 2008, plaintiff filed an amended complaint in response to the Court's order to show cause concerning certain deficiencies in his original complaint. (Dkt. #7 and #10). On November 3, 2008, the Court issued a second order to show cause finding the amended complaint remained deficient for the same reasons, and directing plaintiff to file a second amended complaint by December 3, 2008. (Dkt. #11). On December 2, 2008, plaintiff filed a response to that second order to show cause, in which he requests the Court: (1) allow him more time to prepare a second amended complaint; (2) appoint counsel to keep him from again submitting a deficient complaint; or (3) dismiss this case without prejudice so that

1  he can then acquire the necessary information to pursue this matter in the future.

2  With respect to the second option, the Court previously denied plaintiff's motion for appointment
3  of counsel. (Dkt. #5). The Court finds no valid basis for reversing that denial. That leaves plaintiff with
4  the option of requesting more time to file a second amended complaint or have this matter dismissed
5  without prejudice. As to the former option, plaintiff already has been given two chances to cure the
6  deficiencies in his complaint. Plaintiff claims a medical emergency, and a lack of access to legal
7  resources during the course of that emergency, prevented him from further researching and acquiring the
8  information necessary to proceed in a timely matter here.

9  However, given that the amended complaint plaintiff filed contained the same deficiencies as were
10 in his original complaint, it is difficult to see how more time to file a second amended complaint would
11 prove any more beneficial. Indeed, plaintiff does not give any reasons why additional time to do so
12 would result in a non-deficient complaint. For example, plaintiff does not state, let alone show, what
13 research or information he allegedly needs in order to timely cure the noted deficiencies. As set forth in
14 the Court's two orders to show cause, plaintiff has named two state parties, both of which are immune
15 from liability, and has failed to set forth any specific facts showing the individual defendants he did name
16 were involved in the harm alleged. It is not at all clear how more time would cure these defects.

17 As such, the remaining viable option – and the only one the Court is willing to grant plaintiff at
18 this time – is voluntary dismissal of this action. A plaintiff may voluntarily dismiss an action "at any time
19 before service by the adverse party of an answer or of a motion for summary judgment, whichever first
20 occurs," without an order by the Court. Fed. R. Civ. P. 41(a)(1). Procedurally here, defendants have not yet
21 been served with either the complaint or the amended complaint. Accordingly, pursuant to Fed. R. Civ. P.
22 41(a)(1), plaintiff's request to dismiss this action voluntarily (Dkt. #12) hereby is GRANTED.

23 The Clerk is directed to send a copy of this Order to plaintiff.
24 DATED this 11th day of December, 2008.

Karen L. Strombom
United States Magistrate Judge